**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FLORENCE STEAN, et al.,

    Plaintiffs,

v.

WELLS FARGO & COMPANY, et al.,

    Defendants.

No. C 09-01272 JSW

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

    Now before the Court is the motion for a temporary restraining order ("TRO") filed by plaintiffs Florence Stean, Ignatius Russo, Dorothy L. Turner, Babatunde White, Karen Fomby, Febe Natividad, Maryln LaCanlale, Glenn Ancheta, Ray Jefferson, Abraham Chua and Ramzy Munir Haddadin (collectively "Plaintiffs"), individually and on behalf of all others similarly situated. The motion was filed on April 1, 2009 and set for hearing on May 15, 2009 seeking to enjoin Defendants First Franklin Loan Services, Consumer Solutions, REO LLC, New Century TRS Holdings, Inc., Wells Fargo & Company, Morgan Stanley Capital I Inc., Barclays Capital Real Estate Inc. d/b/a HomEq Servicing, The Money Store, Inc., IndyMac Federal Bank, FSB, Lehman Brothers Holdings, Inc. d/b/a Aurora Loan Services LLC, First Federal Financial Corporation d/b/a First Federal Bank of California, Homecomings Financial USA Corporation, Litton Loan Services, GMAC Mortgage, LLC, and their agents, predecessors and successors in interest (collectively "Defendants"). The motion seeks to require all defendants "to cease all eviction efforts during the pendency of this litigation or until such time as the court issued a new order and, further, requiring them to accept the reasonable rental value of plaintiffs'

primary residences during that time." (Motion at 2.)

Having reviewed Plaintiffs' papers, and good cause appearing, it is HEREBY ORDERED that the application for a temporary restraining order is DENIED WITHOUT PREJUDICE. Plaintiff has failed to make an adequate showing supported by admissible evidence of immediate harm necessitating the issuance of a temporary restraining order. *See* Fed. R. Civ. P. 65(b). There is no showing that any defendant is seeking to evict any plaintiff from their residence at the current time.

To obtain a temporary restraining order, the moving party has the burden of demonstrating either a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions exist as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in his favor. *Sammartano v. First Judicial District Court,* 303 F.3d 959, 965 (9th Cir. 2003). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). On the record currently before the Court, it cannot find that Plaintiffs have met their burden of showing either a probable success on the merits or the possibility of immediate irreparable injury.

In addition, both the complaint and the filings associated with the TRO indicate that Plaintiffs are moving on behalf of a class of similarly-situated individuals. There is no showing that the purported class is entitled to the relief sought or that any particular defendant has made efforts to evict any particular plaintiff. The only submission made in connection with the motion for a TRO is purportedly an adjustable rate mortgage agreement signed by plaintiff Ray Jefferson as borrower to secure a note from WMC Mortgage Corporation, a company which has not been sued in this matter. Beside being inadmissible for failure to lay an adequate foundation for the document, this purported agreement is clearly insufficient to establish that an extraordinary injunctive remedy is warranted. There is no basis for injunctive relief based on Plaintiffs' current submission.

Accordingly, Plaintiffs' motion for a temporary restraining order is DENIED WITHOUT PREJUDICE. The hearing date of May 15, 2009 is HEREBY VACATED. Plaintiffs shall serve Defendants with copies of this Order, the motion for a TRO and supporting papers by mail, in conformance with Federal Rule of Civil Procedure 5(b)(2)(C).

**IT IS SO ORDERED.**

Dated: April 2, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE