IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE STEAN, et al., | |
| Plaintiffs, | No. C 09-01272 JSW |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| WELLS FARGO & COMPANY, et al., | |
| Defendants. / | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 15, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein. Finally, unless otherwise ordered by the Court, the parties shall not submit written responses to these questions.

The Court **tentatively denies** Plaintiffs' renewed motion for a temporary restraining order. The parties each shall have fifteen (15) minutes to answer the following questions:

1. Plaintiffs amended their Complaint to add new Plaintiffs after they filed their renewed motion for a temporary restraining order ("TRO"). Are Plaintiffs seeking a TRO as to any of the newly named Plaintiffs?

    a. At least some of the Defendants have conducted searches of their files to determine whether they have serviced or issued loans to the named Plaintiffs. Have each of the Defendants also searched their records in response to the Amended Complaint? If so, would the results of those searches add anything to their opposition briefs and declarations in support thereof?

2. What is Plaintiffs' response to the argument raised by Barclay's and First Franklin that the Anti-Injunction Act would preclude this Court from issuing a TRO as to Plaintiffs Jefferson and Ancheta?

    a. What is the current status of those Unlawful Detainer actions?

    b. It appears that the Unlawful Detainer action against Mr. Ancheta commenced after this suit was filed. Would that fact impact the Anti-Injunction Act analysis?

3. According to the record, IndyMac, a defendant that has been dismissed from this action, issued the Notice to Vacate to Plaintiff Stean and may have been the entity that originated her loan. On what basis does Plaintiff Stean contend she is entitled to injunctive relief against any of the other defendants?

4. What is Plaintiffs' response to Defendants' contentions that Plaintiffs' evidence is inadmissible and insufficient to establish their entitlement to relief. What is Plaintiffs' response to Barclay's specific objections to the evidence submitted in support of their motion?

5. If the Court were to alter its tentative ruling, what is Plaintiffs' response to the argument raised by Wells Fargo and First Federal on the posting of a bond?

6. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: May 11, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2