United States District Court

For the Northern District of California

1

2

3

4

5

**NOT FOR CITATION**

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

FLORENCE STEAN, et al.,

No. C 09-01272 JSW

10

Plaintiffs,

11

v.

**ORDER DENYING RENEWED
MOTION FOR TEMPORARY
RESTRAINING ORDER**

12

WELLS FARGO & COMPANY, et al.,

13

Defendants.

_____/

14

15

**INTRODUCTION**

16

Now before the Court is the renewed motion for a temporary restraining order ("TRO")

17

filed by plaintiffs Florence Stean, Ignatius Russo, Dorothy L. Turner, Babatunde White, Karen

18

Fomby, Febe Natividad, Maryln LaCanlale, Glenn Ancheta, Ray Jefferson, Abraham Chua and

19

Ramzy Munir Haddadin (collectively "Plaintiffs").[1]  Having considered the parties' papers,

20

relevant legal authority, the record in this case, and having had the benefit of oral argument, the

21

Court HEREBY DENIES Plaintiffs' renewed motion.

22

**BACKGROUND**

23

On March 24, 2009, Plaintiffs filed their original Complaint against the following

24

defendants: First Franklin Loan Services ("First Franklin"), Consumer Solutions REO, LLC

25

("Consumer Solutions"), Wells Fargo & Company ("Wells"), Barclays Capital Real Estate Inc.

26

27

28

---

[1]    On April 19, 2009, Plaintiffs filed an Amended Complaint, adding additional
named plaintiffs and defendants.  At the hearing on the renewed motion, Plaintiffs' counsel
identified the newly named Plaintiffs who also seek relief pursuant to this motion.  For the
reasons set forth herein, the motion is denied as to those Plaintiffs.

**United States District Court**
For the Northern District of California

1    d/b/a HomEq Servicing, d/b/a The Money Store, Inc.[2] ("Barclays"), IndyMac Federal Bank,

2    FSB[3], Lehman Brothers Holdings, Inc. d/b/a Aurora Loan Services LLC[4], First Federal

3    Financial Corporation d/b/a First Federal Bank of California ("First Federal")[5], Litton Loan

4    Servicing LP ("Litton"), Homecomings Financial USA Corporation ("Homecomings")[6], GMAC

5    Mortgage, LLC ("GMACM"), New Century TRS Holdings, Inc. ("New Century"), and Morgan

6    Stanley Capital I Inc. ("Morgan Stanley"), and their agents, predecessors and successors in

7    interest (collectively "Defendants").[7]

8        Plaintiffs, on behalf of themselves and a putative class of "similarly situated purchasers

9    of "'high-cost' sub-prime adjustable rate mortgage ("ARM") products," allege that each of the

10   Defendants has "engaged in a systematic and widespread predatory lending scheme of offering

11   substantially inferior mortgage products to elderly, minority and financial impaired consumers

12   with no intention that the loans could ever be re-paid by the homeowners and – in some cases –

13   knowingly and intentionally transferring or destroying the original notes in a manner designed

14   to conceal the inferior quality of the mortgages for securitization purposes." (Compl. ¶ 3; Am.

15   Compl. ¶ 15.) Plaintiffs also allege that each of the Defendants "knowingly and affirmatively

16   misrepresented the most important measurement of the affordability of a mortgage product: the

17

18       [2]    According to Barclays' opposition brief, the proper defendant is "Barclays
     Capital Real Estate Inc. d/b/a HomEq. Servicing." (Docket No. 45 at 1:6-7.)

19

20       [3]    Plaintiffs voluntarily dismissed IndyMac Federal Bank from the action on
     April 24, 2009. (Docket No. 54.)

21       [4]    The matter is stayed as to Lehman Brothers Holdings, Inc. (Docket No. 25.)

22       [5]    According to First Federal's opposition brief, the proper defendants are
     Firstfed Financial Corporation and First Federal Bank of California. (Docket No. 41 at 1:1-
23   4.)

24       [6]    According to Homecomings' opposition brief, the proper defendant is
     Homecomings Financial, LLC. (Docket No. 40 at 1:7-9.)
25

26       [7]    New Century and Morgan Stanley have not appeared and have not filed
     opposition briefs to Plaintiffs' renewed motion. It also appears that, based on Plaintiffs'
     Amended Complaint, Plaintiffs are no longer asserting claims against Morgan Stanley. To
27   the extent Plaintiffs continue to seek relief from these defendants, the Court concludes that,
     for the same reasons Plaintiffs have not met their burden as to those Defendants that have
28   appeared and that have opposed the motion, Plaintiffs also fail to meet their burden as to
     these two defendants.

2

United States District Court

For the Northern District of California

1 total amount of each monthly installment on the loan relative to the borrowers' existing debt to

2 income ratio." (Compl. ¶16; Am. Compl. ¶ 28 (emphasis omitted).)  Plaintiffs further allege

3 that they were "sold an exotic high cost option adjustable rate mortgage (ARM) by at least one

4 of the defendants without consideration of [their] ability to pay the loan's hidden maximum

5 interest rate, which far exceeded the initial teaser rate and made the loan unaffordable.

6 Plaintiff[s] also were not told that [they] would necessarily lose [their homes] when the teaser

7 rate adjusted to the maximum rate barring some unforeseeable and unlikely windfall increase in

8 income." (Compl. ¶ 23; Am. Compl. ¶ 35.)

9          Based on these and other allegations, Plaintiffs assert the following claims for relief: (1)

10 Declaratory Relief to Enjoin or Set Aside Trustee Sale; (2) Breach of the Implied Covenant of

11 Good Faith and Fair Dealing; (3) Violations of California Civil Code §§ 1709 and 1710; (4)

12 Fraud, Deceit and Misrepresentation; (5) Violations of the Home Ownership Equity Protection

13 Act; (6) Violations of California Financial Code § 22302(b) and California Civil Code § 1670.5;

14 (7) Violations of California Civil Code § 2923.6; (8) Violations of California Business and

15 Professions Code § 17200; and (9) Unjust Enrichment and Common Law Restitution.

16          On April 1, 2009, Plaintiffs filed a motion for a temporary restraining order, in which

17 they asked the Court to require the Defendants "to cease all eviction efforts during the pendency

18 of this litigation or until such time as the court issued a new order and, further, requiring them

19 to accept the reasonable rental value of plaintiffs' primary residences during that time."

20 (Docket No. 4 (Motion at 2).)  On April 2, 2009, the Court denied the motion without prejudice

21 and concluded that Plaintiffs failed to make an adequate showing supported by admissible

22 evidence of immediate harm necessitating the issuance of a temporary restraining order.

23 (Docket No. 5 (Order at 2:6-28).)

24          On April 5, 2009, Plaintiffs filed the instant motion, in which they renew their request

25 that the Court issue an order "requiring [D]efendants to cease all eviction efforts during the

26 pendency of this litigation or until such time as the court issues a new order and, further,

27 requiring them to accept the reasonable rental value of [P]laintiffs' primary residences during

28

3

1  that time." (Docket No. 6 (Renewed Motion at 2:17-21).)  Plaintiffs also state that they "hope

2  to correct" the deficiencies outlined in the Court's April 2 Order.  (*Id.* at 6:25.)

3  **ANALYSIS**

4  **A.      Applicable Legal Standard.**

5  　　　　To obtain a temporary restraining order, the moving party has the burden of

6  demonstrating either a combination of probable success on the merits and the possibility of

7  irreparable injury *or* that serious questions exist as to success on the merits and irreparable

8  injury along with a sharp tipping of the balance of hardships in his favor.  *Sammartano v. First*

9  *Judicial District Court,* 303 F.3d 959, 965 (9th Cir. 2003).  "Because injunctive relief prior to

10  trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where

11  the issues are clear and well defined and the plaintiff has established a reasonable certainty of

12  prevailing at trial."  *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal.

13  1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).[8]

14  **B.      Plaintiffs Have Not Met Their Burden to Show a TRO is Warranted.**

15  　　　　Plaintiffs contend that they are threatened with immediate eviction from their homes.

16  "[F]oreclosure under certain circumstances may constitute irreparable harm."  *Mandrigues v.*

17  *World Savings, Inc.*, 2009 WL 160213 at *3 (N.D. Cal. Jan. 20, 2009) (citations omitted).

18  Plaintiffs evidence of imminent eviction, however, consists of two declarations filed by James

19  Gilyard, Plaintiffs' counsel.  In his declarations, Mr. Gilyard makes the blanket assertion that

20  "[e]ach named plaintiff has been notified by one or more of the defendants of immanent [*sic*]

21  foreclosure and eviction in the form of a Notice of Trustee Sale." (*See, e.g.,* Docket No. 6-1

22  (Plaintiffs' Decl., ¶ 7); Docket 56-1 (Plaintiffs' Reply Decl. ¶ 7).)

23  　　　　Mr. Gilyard also attaches a "sample Rider" from Mr. Jefferson's loan as well as a Notice

24  of Trustee Sale relating to Ms. Lacanlale, a Notice to Quit issued to Mr. Jefferson, a Notice to

25  Vacate and an Adjustable Rate Note issued to Ms. Stean.  (Plaintiffs' Decl., Exs. 1-3.)  Mr.

26  Gilyard has not laid an adequate foundation for the admission of these documents, and

27

28  　　　[8]      Barclays and Wells Fargo have filed requests for judicial notice, asking that
the Court take judicial notice of publicly recorded documents or records of other court cases.
Those requests are GRANTED.

4

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    Defendants correctly note that his declarations are rife with inadmissible hearsay.  In some

2    instances, "[t]he urgency of obtaining a preliminary injunction necessitates a prompt

3    determination and makes it difficult to obtain affidavits from persons who would be competent

4    to testify at trial."  *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984);

5    *see also Dr. Seuss Enters., LP v. Penguin Books U.S.A., Inc.*, 924 F. Supp. 1559, 1562 (S.D.

6    Cal. 1996) (noting that evidence that would not meet Rule 56(e)'s requirements may be

7    considered on motion for preliminary injunction and weighted accordingly).  In this case,

8    however, Plaintiffs would appear to be in the best position to attest to whether they face

9    imminent eviction, the hardships attendant thereto, and the circumstances under which they

10   obtained the loans in question.

11   Indeed, with the exception of Mr. Jefferson, *Plaintiffs* have not demonstrated that any

12   particular defendant has taken steps to evict any particular plaintiff.  Based on submissions from

13   the Defendants, however, there is an unlawful detainer action pending against Mr. Jefferson,

14   which was filed months before this suit was filed.  There also is an unlawful detainer action

15   pending against Mr. Ancheta, although that lawsuit was initiated after Plaintiffs filed this suit

16   but before they filed their renewed motion.  (Barclay's Request for Judicial Notice Ex. A;

17   Declaration of Gary Stockey ("Stockey Decl.") ¶¶ 2, 10-11, Exs. E, F.)  Based on the materials

18   put forth by First Franklin, July 1, 2009 is the first date on which the interest rate on Mr.

19   Ancheta's loan could change.  (Stockey Decl., ¶ 3, Ex. A.)  The record also demonstrates,

20   however, that Mr. Ancheta and Mr. Jefferson apparently were not able to meet their obligations

21   under the initial "teaser" rate of their loans.  (Declaration of Jacki Cartmill, ¶¶ 6-7, Ex. A;

22   Stockey Decl. ¶¶ 7-9.)  Mr. Jefferson and Mr. Ancheta have not put forth competent evidence to

23   the contrary and, thus, have not met their burden of showing a likelihood of success on the

24   merits of their claims.

25   With respect to Ms. Stean, based on the record before the Court, her loan was originated

26   by IndyMac and it appears that IndyMac issued the notice to vacate.  (Plaintiffs' Decl., Ex. 3.)

27   However, Plaintiffs voluntarily dismissed IndyMac from this action, and there is no evidence in

28   the record that any of the other Defendants are seeking to take action to evict Ms. Stean.  There

5

United States District Court

For the Northern District of California

1    is evidence in the record that Consumer Solutions has foreclosed on Mr. White's house, but

2    there is no specific evidence that it has taken actions to evict him.  In addition, the record

3    suggests that the interest rate on Mr. White's loan has not yet changed from the initial rate, that

4    he was unable to make payments on his loan under the initial rate.  (*See, e.g.,* Declaration of

5    Thomas Serie, ¶¶ 5-11.)

6         Similarly, it appears from the record that entities that are not parties to this action

7    recorded a Notice of Trustee's sale as to Ms. Lacanlale's home, and there is a notation that her

8    home was foreclosed upon.  (Plaintiffs' Decl., Ex. 2.)  However, there is no specific evidence

9    that any entity has taken action to evict her or that any of the named Defendants herein are

10   involved in those proceedings.  Finally, according to the record, Mr. Russo's home also was

11   sold at a foreclosure sale, but the persons who purchased his home are not parties to this action.

12   Plaintiffs have not demonstrated the buyers are agents of or acting in concert with any of the

13   Defendants.  (Declaration of Richard Williams, ¶¶ 8-17, Ex. E.)

14        Accordingly, the Court concludes that Plaintiffs have not demonstrated by "probative

15   evidence" that they, let alone the entire putative class, are likely to suffer imminent harm and

16   also concludes that they have failed to set forth probative evidence establishing a likelihood of

17   success on the merits of their claims.  *See, e.g., Alcaraz v. Wachovia Mortgage FSB*, 592 F.

18   Supp. 2d 1296, 1303-06 (E.D. Cal. 2009) (denying motion for preliminary injunction to

19   preclude foreclosure sale where plaintiff could not establish likelihood of success on the merits

20   because she could not establish ability to meet rescission obligations)*; Diana I Am*, 2009 WL

21   364332 at *2 (D. Hawai'i Feb. 13, 2009) (denying application for a TRO where plaintiff failed

22   to include documents supporting her claims, including claims for fraudulent misrepresentation

23   and violations of the Home Ownership Equity Protection Act); *Mandrigues*, 2009 WL 160213

24   at *3 (noting that a plaintiff must do more than rely on "conclusory affidavits" and denying

25   motion for preliminary injunction as to individual plaintiffs and to putative class).

26   //

27   //

28   //

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Plaintiffs' renewed motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated:   May 18, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE