AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

DONALD M. SCOTTEN (SBN 190532)
Email: donald.scotten@akerman.com
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
AURORA LOAN SERVICES LLC,
erroneously named as sued as "Aurora Loan Servicing, LLC"

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARK BIGGINS, *et al.*,<br><br>    Plaintiffs,<br><br><br>    v.<br><br><br>WELLS FARGO & COMPANY, *et al.*,<br><br>    Defendants. | Case No. CV-09-1272-JSW<br>Hon. Jeffrey S. White<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FILED BY DEFENDANT AURORA LOAN SERVICES LLC**<br><br>**[FED. R. CIV. P. 12(b)(6) and (f)]**<br><br>Date:    July 17, 2009<br>Time:   9:00 a.m.<br>Ctrm:   11 – 19th Floor<br><br>Complaint Filed: March 24, 2009<br>Trial Date: None |

**TO THE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that defendant Aurora Loan Services LLC (**Aurora**) hereby requests the Court take judicial notice of the following documents pursuant to *Federal Rule of Evidence* 201 in support of its motion to dismiss and strike portions of plaintiffs'

{DN005322;1}                                         1

1  second amended complaint (**SAC**).  These documents are either matters of public record,

2  referenced by plaintiffs in the SAC, and/or central to or directly refute the claims being raised

3  by plaintiffs.

4        On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, it is appropriate for the Court to take

5  judicial notice of the facts documents which are central to the complaint. *During v. First*

6  *Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). This Court may also consider plaintiffs'

7  loan documents on the concurrently filed motion to dismiss by Aurora and other matters that

8  can be judicially noticed. *See Sumner Peck Ranch v. Bureau of Reclamation,* 823 F. Supp.

9  715, 720 (E.D. Cal. 1993) (holding that the Court "may disregard allegations in the complaint

10  if contradicted by facts established by exhibits attached to the complaint" or by documents

11  referred to in the complaint). *See also Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994)

12  (holding that a document not attached to the complaint whose contents are alleged in the

13  complaint and whose authenticity is not questioned may be considered on a Rule 12(b)(6)

14  motion to dismiss; *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n.3 (9th Cir. 1998) (document

15  integral to plaintiff's claims may be attached to motion to dismiss, because plaintiff obviously

16  aware of contents).

17        "This 'incorporation by reference doctrine' has been extended "to situations in which

18  the plaintiff's claims depends on the contents of a document, the defendant attaches the

19  document to its motion to dismiss, and the parties do not dispute the authenticity of the

20  document, even though the plaintiff does not explicitly alleged the contents of that document

21  in the complaint." *Ford v. Wells Fargo Home Mortgage*, No. 08-4276 SC, 2008 WL 5070687

22  at *2 (N.D. Cal. Dec. 1, 2008), *citing Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2008).

23  This prevents plaintiff from deliberately omitting references to documents upon which their

24  claims are based. *Parrino v. FHP, Inc.,* 146 F.3d at 706.

25        The following documents satisfy this criteria and may be judicially noticed and

26  considered by this Court when ruling on Aurora's motion to dismiss.

27        1.    **Exhibit 1**:  A true and correct copy of the Deed of Trust and Riders executed by

28

{DN005322;1}                    2

plaintiff Remy Mendez on July 23, 2007.  This Deed of Trust was recorded in the Official Records of the County of San Mateo on July 31, 2007 as instrument number 2007-115012. This document is a public record.

2.   **Exhibit 2**:  A true and correct copy of the Adjustable Rate Note and addenda executed by plaintiff Remy Mendez on July 23, 2007.  This document is central to plaintiffs' allegations concerning the loans' interest rates, adjustments to the rates, and terms of the loan. Further, this document is referenced in plaintiff Remy Mendez's affidavit in support of the SAC dated May 22, 2009 at paragraphs 6, 7, and 8, and purportedly was attached to the affidavit.

3.   **Exhibit 3**:  A true and correct copy of the Notice of Assignment, Sale, or Transfer of Servicing Rights showing Aurora as servicer of plaintiff Remy Mendez's loan beginning on April 1, 2008.   Aurora requests this court take judicial notice of this document because it is central to plaintiff's claims and defines Aurora's role and relationship to plaintiff, issues raised throughout the SAC. (*See, e.g.,* SAC, ¶ 18, *cf.* ¶ 40) (alleging Aurora "funded" and "serviced" the loan).

4.   **Exhibit 4**:  A true and correct copy of the Deed of Trust and Riders executed by plaintiff Buena Escano on September 28, 2006.  This Deed of Trust was recorded in the Official Records of the County of Contra Costa on October 16, 2006 as instrument number 2006-0327180-00.  This document is a public record.

5.   **Exhibit 5**:  A true and correct copy of the Adjustable Rate Note and addenda executed by plaintiff Buena Escano on September 28, 2006.  This document is central to plaintiffs' allegations concerning the loans' interest rates, adjustments to the rates, and terms of the loan.  Further, this document is referenced in plaintiff Buena Escano's affidavit in support of the SAC dated May 22, 2009 at paragraphs 6, 7, and 8, and purportedly was attached to the affidavit.

6.   **Exhibit 6**: A true and correct copy of the Notice of Assignment, Sale, or Transfer of Servicing Rights showing Aurora as servicer of plaintiff Buena Escano's loan

beginning on April 1, 2008.   Aurora requests this court take judicial notice of this document because it is central to plaintiff's claims and defines Aurora's role and relationship to plaintiff, issues raised throughout the SAC. (*See, e.g.,* SAC, ¶ 18, *cf.* ¶ 40) (alleging Aurora "funded" and "serviced" the loan).

7.     **Exhibit 7**: A true and correct copy of the Deed of Trust and Riders executed by Ruth Walker on June 23, 2006.  This Deed of Trust was recorded in the Official Records of the County of Santa Clara on July 6, 2006 as instrument number 19002830.  This document is a public record.

8.     **Exhibit 8**:  A true and correct copy of the Adjustable Rate Note and addenda executed by Ruth Walker on June 23, 2006.  This document is central to plaintiffs' allegations concerning the loans' interest rates, adjustments to the rates, and terms of the loan.  Further, this document is referenced in plaintiff Karen Fomby's affidavit in support of the SAC dated May 22, 2009 at paragraphs 6, 7, and 8, and purportedly was attached to the affidavit.

9.     **Exhibit 9**: A true and correct copy of the Notice of Assignment, Sale, or Transfer of Servicing Rights showing Aurora as servicer of Ruth Walker's loan beginning on April 1, 2008.   Aurora requests this court take judicial notice of this document because it is central to plaintiff's claims and defines Aurora's role and relationship to Walker (and plaintiff Fomby), issues raised throughout the SAC. (*See, e.g.,* SAC, ¶ 18, *cf.* ¶ 40) (alleging Aurora "funded" and "serviced" the loan).

10.     **Exhibit 10**: A true and correct copy of the Notice of Default with respect to Ruth Walker's loan recorded on July 18, 2008 in the Official Records of the County of Santa Clara as instrument number 19928821.  This document is a public record.

11.     **Exhibit 11**:  A true and correct copy of the Trustee's Deed Upon Sale with respect to the non-judicial foreclosure sale on Ruth Walker's loan dated February 20, 2009 and recorded in the Official Records of the County of Santa Clara on March 3, 2009 as instrument number 20152862.  This document is a public record.

12.     **Exhibit 12**: A true and correct copy of the Federal Stock Charter for Lehman

1 | Brothers Bank, FSB filed and executed by the Bank and the Office of Thrift Supervision
2 | (**OTS**), the OTS Order Approving Application to Establish Operating Subsidiaries
3 | designating Aurora Loan Services as an operating subsidiary of Lehman Brothers Bank, FSB.
4 | In addition, attached within this exhibit is  a true and correct copy of the notarized Secretary's
5 | Certificate executed by Karen Tankersley on April 24, 2009, certifying that Lehman Brothers
6 | Bank, FSB, has changed its name to Aurora Bank FSB.

7 | Dated: June 11, 2009                                    Respectfully submitted,

8 |                                                                 **AKERMAN SENTERFITT LLP**

10 |                                                        By: */s/ Justin D. Balser*
     |                                                                   Justin D. Balser
11 |                                                        Attorneys for Defendant
     |                                                        AURORA LOAN SERVICES LLC

{DN005322;1}                                     5