IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BIGGINS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants.<br>_____/ | No. 09-01272 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 17, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BIGGINS, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>   Defendants.<br>_____/ | No. 09-01272 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 17, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

Unless otherwise ordered by the Court in the question, the parties shall not submit written responses to these questions.

The Court **tentatively grants in part (paragraph 35) and denies in part (paragraph 16)** the motion to strike.  The Court **tentatively grants** the motions to dismiss.  The Court shall elaborate on this tentative ruling at the hearing.  The Court **tentatively grants** Barclay's alternative motion to sever.

1. California Civil Code § 1709 establishes that fraudulent deceit is a tort under California law.  California Civil Code § 1710 defines "deceit" under California law.  How do Plaintiffs' second and third claims for relief differ from one another?

2. a. Are both of the First Federal Defendants moving to dismiss? (*See* Docket No. 129 (Notice at 2:8-9; Motion at 1:4).)

   b. Although it is not referenced in the caption of their motion or referenced by number in the memorandum of points and authorities, the First Federal Defendants suggest Plaintiffs' second claim for relief also is preempted. (*See* Mot. at 1:20-21.)  Are the First Federal Defendants, in fact, moving to dismiss the second claim for relief?

   c. How would the First Federal Defendants and Aurora distinguish the facts in this case from *Reyes v. Downey Savings and Loan Association*, 541 F. Supp. 2d 1108 (C.D. Cal. 2008), in which the court determined that a claim for relief under the UCL was not preempted because the plaintiffs were "seeking to use the UCL law to apply general principles of contract law," and because "[t]he principles of breach of contract and fraud in the inducement are not specific to lending activities." *Id.* at 1115.

   d. What is Plaintiff Febe Natividad's response to the First Federal Defendants' assertion her claims do not fall within the class period because her loan is dated December 24, 2003? (*See* First Federal RJN Ex. B.)

3. GMACM submits loan documents for Plaintiffs Chua, Escano and Flowers, which suggest that GMACM was not their lender.  However, their affidavits state that they

2

Unless otherwise ordered by the Court in the question, the parties shall not submit written responses to these questions.

The Court **tentatively grants in part (paragraph 35) and denies in part (paragraph 16)** the motion to strike. The Court **tentatively grants** the motions to dismiss. The Court shall elaborate on this tentative ruling at the hearing. The Court **tentatively grants** Barclay's alternative motion to sever.

1. California Civil Code § 1709 establishes that fraudulent deceit is a tort under California law. California Civil Code § 1710 defines "deceit" under California law. How do Plaintiffs' second and third claims for relief differ from one another?

2. a. Are both of the First Federal Defendants moving to dismiss? (*See* Docket No. 129 (Notice at 2:8-9; Motion at 1:4).)

   b. Although it is not referenced in the caption of their motion or referenced by number in the memorandum of points and authorities, the First Federal Defendants suggest Plaintiffs' second claim for relief also is preempted. (*See* Mot. at 1:20-21.) Are the First Federal Defendants, in fact, moving to dismiss the second claim for relief?

   c. How would the First Federal Defendants and Aurora distinguish the facts in this case from *Reyes v. Downey Savings and Loan Association*, 541 F. Supp. 2d 1108 (C.D. Cal. 2008), in which the court determined that a claim for relief under the UCL was not preempted because the plaintiffs were "seeking to use the UCL law to apply general principles of contract law," and because "[t]he principles of breach of contract and fraud in the inducement are not specific to lending activities." *Id.* at 1115.

   d. What is Plaintiff Febe Natividad's response to the First Federal Defendants' assertion her claims do not fall within the class period because her loan is dated December 24, 2003? (*See* First Federal RJN Ex. B.)

3. GMACM submits loan documents for Plaintiffs Chua, Escano and Flowers, which suggest that GMACM was not their lender. However, their affidavits state that they

2

received a mortgage from GMACM or its "predecessor, parent, subsidiary, agent or its joint venturer." If the Court were to grant leave to amend, can Plaintiffs allege any facts to show that the lenders in the documents submitted by GMACM are GMACM's predecessor, parent, subsidiary, agent or its joint venturer?

4.    a. What is Plaintiffs Jefferson's best argument that the claims against Barclays should not be severed?

     b. If the Court were to grant leave to amend, can Plaintiffs allege any facts that would demonstrate a connection between Barclays alleged conduct and the remaining defendants such that the Court could conclude the claims arise out of the same transaction or occurrence?

     c. Do Plaintiffs have any facts to suggest that Barclays is an agent, subsidiary, parent, joint venturer or predecessor to Fremont Investment & Loan, which was the entity identified as Jefferson's lender in the materials submitted in support of Plaintiffs' requests for temporary restraining orders?

5. JPMorgan Chase submits a declaration attaching a copy of the Purchase and Assumption Agreement between the FDIC and JPMorgan Chase regarding Washington Mutual Bank.

     a. Plaintiffs Leblanc, Mendez and Nguyen do not allege the dates on which they obtained their loans from Chase/WaMu. In light of that deficiency, what is JPMorgan Chase's best argument that the Court can determine that these Plaintiffs' loans would fall within the scope of the Purchase and Assumption Agreement? Do these Plaintiffs dispute the fact that WaMu originated these loans?

     b. Do Plaintiffs dispute the authenticity of the Purchase and Assumption Agreement? If so, on what basis?

     c. Do Plaintiffs have any other response to JPMorgan Chase's argument, and evidence, that it did not assume Washington Mutual's liabilities and that Plaintiffs should seek recourse from the FDIC?

3

received a mortgage from GMACM or its "predecessor, parent, subsidiary, agent or its joint venturer." If the Court were to grant leave to amend, can Plaintiffs allege any facts to show that the lenders in the documents submitted by GMACM are GMACM's predecessor, parent, subsidiary, agent or its joint venturer?

4.    a. What is Plaintiffs Jefferson's best argument that the claims against Barclays should not be severed?

     b. If the Court were to grant leave to amend, can Plaintiffs allege any facts that would demonstrate a connection between Barclays alleged conduct and the remaining defendants such that the Court could conclude the claims arise out of the same transaction or occurrence?

     c. Do Plaintiffs have any facts to suggest that Barclays is an agent, subsidiary, parent, joint venturer or predecessor to Fremont Investment & Loan, which was the entity identified as Jefferson's lender in the materials submitted in support of Plaintiffs' requests for temporary restraining orders?

5. JPMorgan Chase submits a declaration attaching a copy of the Purchase and Assumption Agreement between the FDIC and JPMorgan Chase regarding Washington Mutual Bank.

     a. Plaintiffs Leblanc, Mendez and Nguyen do not allege the dates on which they obtained their loans from Chase/WaMu. In light of that deficiency, what is JPMorgan Chase's best argument that the Court can determine that these Plaintiffs' loans would fall within the scope of the Purchase and Assumption Agreement? Do these Plaintiffs dispute the fact that WaMu originated these loans?

     b. Do Plaintiffs dispute the authenticity of the Purchase and Assumption Agreement? If so, on what basis?

     c. Do Plaintiffs have any other response to JPMorgan Chase's argument, and evidence, that it did not assume Washington Mutual's liabilities and that Plaintiffs should seek recourse from the FDIC?

3

     d.     If the Court were to grant Plaintiffs leave to amend claims against Chase, what additional facts, if any, could they assert in an amended complaint?

6. In support of its preemption argument, Aurora Loan Services LLC submits a document that purports to show that it is a subsidiary of a federal banking institution. (Aurora's RJN, Ex. 12.) On what basis does Aurora contend that the Court can take judicial notice of that document?

     a.     What is Plaintiffs' response to Aurora's arguments that even under their tolling theory, the HOEPA claims asserted by Plaintiffs Mendez, Escano and Fomby are barred?

7.    a.     What is Plaintiffs' response to Defendants' arguments that they owed no duty to Plaintiffs? (*See* Joint Motion at 8:8-9:14 and cases cited therein).

    b.     Do Plaintiffs have any authority to suggest that Defendants owed them a legal duty to disclose the information Plaintiffs claim was withheld from them?

8. If the Court were to grant Plaintiff leave to amend, apart from any facts discussed in response to earlier questions, what additional facts would Plaintiffs add to their complaint?

9. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: July 16, 2009

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

4

      d.      If the Court were to grant Plaintiffs leave to amend claims against Chase, what additional facts, if any, could they assert in an amended complaint?

6. In support of its preemption argument, Aurora Loan Services LLC submits a document that purports to show that it is a subsidiary of a federal banking institution. (Aurora's RJN, Ex. 12.) On what basis does Aurora contend that the Court can take judicial notice of that document?

      a.      What is Plaintiffs' response to Aurora's arguments that even under their tolling theory, the HOEPA claims asserted by Plaintiffs Mendez, Escano and Fomby are barred?

7.    a.    What is Plaintiffs' response to Defendants' arguments that they owed no duty to Plaintiffs? (*See* Joint Motion at 8:8-9:14 and cases cited therein).

     b.    Do Plaintiffs have any authority to suggest that Defendants owed them a legal duty to disclose the information Plaintiffs claim was withheld from them?

8. If the Court were to grant Plaintiff leave to amend, apart from any facts discussed in response to earlier questions, what additional facts would Plaintiffs add to their complaint?

9. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: July 16, 2009

                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE

4